[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT ON REPORT OF FACT-FINDER DATED OCTOBER 22, 1992
By complaint dated June 28, 1990 United Services Automobile Association sued Michael K. Wilkinson and Norman C. Wilkinson, seeking reimbursement for payment of property damages to an automobile involved in a collision with the Wilkinson car. That complaint stated that Michael Wilkinson was negligent in the operation of a vehicle which struck the CT Page 10985 vehicle of United Services' policy holder.
Subsequently the Wilkinsons, as third party plaintiffs, impleaded the Travelers as a third party defendant. In the third party complaint as amended, they sought indemnification from the Travelers claiming that they were covered under a policy of insurance issued to them by The Travelers. The entire matter was referred to fact-finder, Jules A. Karp.
On April 22, 1992 a stipulated judgment was entered in favor of United Services Automobile Association against the Wilkinsons in the amount of $2,400. The Wilkinsons sought indemnification in that amount from the Travelers.
The case was tried before the fact-finder on December 13 and 20, 1991. On April 22, 1992 the fact-finder rendered his finding of fact and recommended that judgment enter in favor of the Travelers.
In his memorandum the fact-finder stated: "In their brief, the Wilkinsons also invoke the doctrine of substantial performance and good faith, but this was not pleaded in their affirmative allegation and will therefore not be considered."
The Wilkinsons objected to the finding of facts, claiming that the fact-finder was in error when he declined to consider the doctrines of substantial performance and good faith. The court (Hon. Mary Hennessey) remanded the matter back to the fact-finder for reconsideration of the issues raised in the Wilkinson objections.
After reconsideration, the fact-finder determined that he had been in error in not considering the issue of good faith and substantial performance. He therefore considered that issue and determined as a matter of fact that the Wilkinsons had acted in good faith and were in substantial performance of their contract. Accordingly, he recommended judgment in favor of the Wilkinsons as third party plaintiffs for $2,400 plus costs.
The Travelers now objects to the fact-finder's amended memorandum. It claims that as a matter of law "neither substantial performance nor good faith enters into the equation." It argues that acting in good faith is not a defense where the Travelers followed the statutory procedure CT Page 10986 for cancelling the Wilkinson's insurance policy.
The fact-finder found that no bill for $357.82 was ever sent by the Travelers to the Wilkinsons and that in sending a check for less than that amount the Wilkinsons acted in good faith and were in substantial performance. The court holds that, under the facts of this case as found by the fact-finder, the Wilkinsons were entitled to the finding of good faith and substantial performance. Aetna Casualty and Surety Co. v. Murphy, 206 Conn. 409, 419. The court will not re-try the facts of this case.
Accordingly, judgment may enter for the third party plaintiffs against the third party defendant for $2,400 plus costs.
Allen, J.